UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNDEEP SAMRA,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br><br>        Defendant. | Case No. 25-cv-09689-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 9 |

The case at bar is an insurance dispute. As alleged in the complaint, Plaintiff Sundeep Samra had an automobile insurance policy with Defendant American National Property and Casualty Company. In November 2022, Plaintiff was in a car accident; specifically, he was struck by an uninsured driver. *See* Compl. ¶ 12. Plaintiff tendered a claim for the injuries he sustained to Defendant. *See* Compl. ¶ 13. Thereafter, Defendant allegedly engaged in misconduct – *e.g.*, it failed to conduct a complete investigation, ignored facts in support of Plaintiff's claim, failed to timely pay benefits, and unreasonably concluded that Plaintiff was not entitled to benefits. *See* Compl. ¶ 14. Based on, *inter alia*, the above allegations, Plaintiff asserts two causes of action: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing.

Plaintiff initiated this case in state court in June 2025. He served the complaint on Defendant in July 2025. *See* Mot. at 4; Rosenzweig Decl. ¶ 3. Defendant, however, did not remove the case from state to federal court until more than three months later (*i.e.*, after the parties had been litigating the case in state court). Now pending before the Court is Plaintiff's motion to remand. Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** the motion to remand. It also grants in part Plaintiff's request for attorney's fees.

# I.     **DISCUSSION**

A.    Motion to Remand

In November 2025, more than three months after being served with the complaint, Defendant removed this case from state to federal court. The basis of the removal was diversity jurisdiction. *See generally* Not. of Removal. Specifically:

- In its notice of removal, Defendants stated that the parties are **diverse** because Plaintiff resides in California and Defendant is a citizen of Nebraska (its state of incorporation) and Missouri (its principal place of business). *See* Not. of Removal ¶ 6(a)-(c).

- Defendant also stated that the **amount in controversy** exceeds $75,000 because, *e.g.*, Plaintiff "alleges that he suffered severe and permanent injuries in a car accident," the policy has limits of coverage of $100,000 per accident, and he is seeking punitive damages and attorneys' fees. *See* Not. of Removal ¶ 6(e); *see also* Compl. ¶ 12 (alleging that Plaintiff suffered "serious and permanent injuries"); Compl. ¶ 11 (alleging that the limits of coverage under the policy were $100,000 per accident); Compl., Prayer for Relief ¶¶ 3-4, 6 (seeking attorneys' fees and punitive damages).

Plaintiff promptly filed a motion to remand, challenging the removal as improper. According to Plaintiff, the removal was inappropriate for two reasons:

(1) The removal was not timely made. It was clear from the face of the complaint that the amount in controversy exceeded $75,000 but Defendant did not remove within 30 days after being served with the complaint. *See* 28 U.S.C. § 1446(b)(1) (providing that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"). Rather, Defendant did not remove until more than three months after being served.

(2) Defendant waived the right to remove given the substantive litigation it engaged in

1      in state court.

2      In its responsive brief, Defendant now concedes that the case should be remanded back to

3 state court. Its only contention is that Plaintiff should not be awarded his attorney's fees related to

4 the removal and remand.

5      Because Defendant does not oppose remand and the Court agrees that there is no diversity

6 jurisdiction, Plaintiff's motion is granted. The only issue remaining is attorney's fees.

7 B.     Motion for Attorney's Fees

8      Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require

9 payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

10 removal." 28 U.S.C. § 1447(c). "[A]n award of fees under § 1447(c) is left to the district court's

11 discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The Supreme Court has

12 noted that

> [t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
> In light of these "'large objectives,'" the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

24 *Id.* at 140-41.

25      Defendant argues that it was reasonable for it *not* to remove within 30 days after being

26 served because the face of the complaint did not show that it was removable. Defendant contends

27 that the face of the complaint did not show diversity because, even though it stated that Plaintiff

28 was a California resident, it said nothing about Defendant's citizenship, and Defendant's

3

subjective knowledge about its own citizenship does not matter. Defendant relies on *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), where the Ninth Circuit held that "notice of removability under § 1446(b) is determined through examination of the *four corners of the applicable pleadings*, not through subjective knowledge or a duty to make further inquiry."). *Id.* at 694. Defendant also asserts that the face of the complaint did not establish that the amount in controversy exceeds $75,000 because the complaint did not ask for a concrete amount and it was possible that the amount could be $75,000 or less.

        Defendant's position is not persuasive. With respect to diversity, "[s]ince *Harris* [a 2005 decision], courts in this circuit have held the 'subjective knowledge' does not include basic facts defendants are obviously aware of, such as their own citizenship." *Brecher v. Citigroup Global Mkts., Inc.*, No. 09cv1344-LAB (AJB), 2010 U.S. Dist. LEXIS 149958, at *11 (S.D. Cal. Mar. 23, 2010); *see also Serra v. Huckins*, No. SACV 22-01369-CJC (KESx), 2022 U.S. Dist. LEXIS 192774, at *6 n.2 (C.D. Cal. Oct. 21, 2022) (noting the same); *Cretian v. Job1USA, Inc.*, No. CV-09-770-ST, 2009 U.S. Dist. LEXIS 116864, at *6 (D. Or. Sept. 18, 2009) (stating that defendant "is presumed to know its own citizenship" as "it is in the best position to know it"; "nothing in *Harris* indicates otherwise").[1]

        As for the amount in controversy, Defendant's own notice of removal shows that it should have known at the time it was served with the complaint that the amount in controversy exceeds $75,000. The notice of removal states that the amount in controversy exceeds $75,000 based on allegations made on the face of the complaint – *e.g.*, Plaintiff "alleges that he suffered severe and permanent injuries in a car accident," the policy has limits of coverage of $100,000 per accident, and he is seeking punitive damages and attorneys' fees. *See* Not. of Removal ¶ 6(e); *see also* Compl. ¶ 19 (alleging that Plaintiff incurred "substantial expenses relating to his medical

---

[1] *Harris* did not involve the issue of a defendant's own citizenship. Rather, the issue was the citizenship of the defendant's insurance agent who sold the plaintiff his policy. *See Harris*, 425 F.3d at 696 ("Harris admits that Brown's citizenship was not revealed on the face of his initial pleading, but claims there was a clue that imposed a duty to investigate further. According to Harris, Bankers should have looked in its files within the first thirty days, found the 1973 index card pertaining to Brown, used the information on the index card to ferret out details about Brown, and then cross-referenced the date with the Internet or other sources to find out that Brown had died ten years after he was terminated by Bankers.").

4

treatment").

Moreover, even if there were a lack of clarity on the amount in controversy based on the face of the complaint, Defendant still should have removed earlier than it did. *See* 28 U.S.C. § 1446(b)(3) (providing that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable") (emphasis added). There is no dispute that, in September 2025, Plaintiff sent a written settlement demand to Defendant, seeking $128,000. That clearly exceeded the $75,000 amount-in-controversy requirement. However, Defendant still did not remove until November 2025.

Because Defendant's removal was not reasonable, the Court concludes that attorney's fees are appropriate. The Court now turns to the amount of fees.

Plaintiff seeks $8,250 in attorneys' fees, representing an estimate of 11 hours of work at an hourly rate of $750. *See* Rosenzweig Decl. ¶ 11 ("I have expended two (2) hours reviewing Defendant's Notice of Removal, conducting preliminary research, and meeting and conferring with Defendants. I spent six (6) hours drafting, finalizing, and filing the within Notice, Motion, Memorandum of Points & Authorities, Declaration, and Exhibits. I expect to expend (3) hours reviewing any opposition filed by Defendant, preparing a Reply Brief, and preparing for and appearing at the hearing on this Motion. My hourly rate is $750.00 . . . ."). The Court finds the number of hours claimed by Plaintiff excessive. First, the Court has now vacated the hearing on the motion to remand so no time needed to be spent on preparation for and attendance at the hearing. Second, the issues raised in the motion are not complicated and thus should not have taken an undue amount of time to address. The Court finds that a reasonable amount of time for Plaintiff's counsel to spend on the motion (including evaluation of the opposition and preparation of the reply) is five (5) hours. At an hourly rate of $750, that amounts to a fee award of $3,750.

## II.    CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to remand and awards attorney's fees pursuant to § 1447(c) in the amount of $3,750. The parties are ordered to meet and

5

confer to determine the best way for Defendant to transmit the fee award to Plaintiff.

The Clerk of the Court is instructed to remand the case back to Alameda Superior Court and close the file in the case.

This order disposes of Docket No. 9.

**IT IS SO ORDERED**.

Dated: December 31, 2025

_____
EDWARD M. CHEN
United States District Judge